Good morning, Your Honors. If it pleases the Court, I would like to reserve two minutes for rebuttal. Petitioner William Cruz and his wife, Valeria Garcia Cabrera, are in the first row, and I would like to address three issues with the Court. The first is particular social group, the second is nexus, and the third is the question of past persecution and well-founded future persecution. I would note that Mr. Cortez and his first wife are now divorced, and he and Ms. Garcia Cabrera are legally married. And this fact highlights the absurdity of the judge's conclusion that Mr. Cortez I'm sorry, I missed what you said, the second part. You said Mr. Cortez and his first wife are now divorced. And he and Ms. Garcia Cabrera Just a minute. And then you said next what? He and Ms. Garcia Cabrera are now legally married. Okay, thank you. And this fact highlights the absurdity of the judge's conclusion that Mr. Cortez could not possibly be considered part of Ms. Garcia Cabrera's family because he was legally married to someone else. The government even admits that in their brief on page 7. I don't want to belabor this point, but it demonstrates why the analysis isn't whether gang members are going down to the county recorder's office and verifying whether a couple is legally married or not. This is why that isn't what the courts have always held to be the analysis. The analysis is particularity and social justice. But I'm going to turn to you. You think that it doesn't matter. The legal nature of the relationship is not dispositive. That's your position? Correct. Okay. Yeah, I mean the legal nature of the relationship would be really important if it was a follow to join on the asylum application because we care as, you know, the United States government, is she his lawful wife or not. But in terms of are you being persecuted because you have a legal binding contract or you're just biblically married, that's not relevant really. The nexus seems to be the real crux of this question. And was Mr. Cortez threatened on account of his membership in his family group or was it straight extortion? The government, in its counterstatement of the issue, states that Mr. Cortez did not show that his family membership had any nexus to his claim. But that is incorrect. The record reflects that Judge Little never reached that issue. It's on page 71 of her decision in the CAR. She found one social group was cognizable, former bus drivers, and that was the only group she analyzed whether there was a nexus or not. And I admit, former bus drivers is not my strongest argument. However, the judge never reached the question of whether there was a nexus between the familial group and his fear. She said former bus drivers or former professional drivers is immutable and the court does find the respondent is a member of that group. However, in this case, the court does not find a nexus between that particular social group and the harm the respondent suffered. In fact, the judge goes on to say that the nexus was to extort money from Mr. Cortez's father-in-law. She didn't make an ultimate conclusion about whether there was a nexus because she found he didn't belong to the social group. But she got very close. So you read that. There is one sentence on Excerpts of Record 71. I think we're talking about the same one. So you read that to support you. Why wouldn't it be read as taking the point that the petitioner faces persecution due to extortion or desire to get money as opposed to any kind of particular social group? Right, and so then we look at extortion plus because there are sort of two lines of cases with this court, right? There's the Rodriguez-Zuniga and there's the Ayala v. Sessions. And so I submit this case follows the extortion plus line of cases. I know that the court held in Rodriguez-Zuniga that just because a family member is threatened doesn't mean that their membership in that particular social group is the central reason for harm or a central reason for harm. But that's distinguishable in this case. And that's because Mr. Cortez had worked for his father-in-law previously and had no problems. It was only when he was part of the family group that he was extorted and threatened. Likewise, Mr. Cortez's brother-in-law, when he was a driver for his father, was also kidnapped and we submitted the report from the kidnapping in that case as well. And so this case resembles more Ayala v. Sessions or the extortion plus line of cases like Borjas v. Ins or Singh v. Ilchert. This circuit's precedence had said that asylum applicant doesn't have to show which motive was dominant. It just has to show that it was one central reason. And I think that the family membership is one central reason. He didn't have the problem when he wasn't in a relationship with his wife. And therefore, these two motives... If we grant the relief you're seeking, does this go back to the BIA or does it go back to the administrative judge? I think it should go back to the administrative judge. Start all over again? Well... Throw it out? Yeah, I guess so, yeah. I mean, I think so. I'm just trying to say what your plan was for it. Right, because I don't think she reached the question and so it has to go to the judge to make that decision before the board could rule on it. But did the BIA reach the question? In other words, did the BIA... I grant you that the IJ did not rule on nexus grounds on this particular claim we're talking about, but did the BIA effectively do so? Well, I don't think so, Your Honor, and the reason I don't think so is the BIA went along with the erroneous assumption that he couldn't possibly be married and therefore not be part of the particular social group. And so I think that's where they both sort of missed the mark on that and then the BIA says, well, there was no social group, so therefore, you know, he's not established that there's a nexus. Let me ask another question along the same lines. You indicated that the petitioner and his, I guess what was then his common-law wife, are now married, right, legally married. Now, if that changes, if that's an important fact in this case that would change the analysis, shouldn't you ask the BIA to reopen or reconsider or something like that? We don't have that fact in our record. No, Your Honor, you don't, but I just don't think that's what matters. Well, one of the questions you're asking us to decide is that it doesn't legally, it doesn't make a difference whether, you know, the man and woman are legally married, right? Correct. Well, but that, if what you say is correct, then that issue is now moot because they're married, right? Yes. So you still want us to decide that issue? Well, Your Honor, it just seems so clear that the question is, does society in general view them as a couple? I know that. I know what the question is, but the question is, if your representation that they're now legally married is correct, then in this case that's a moot question now. It doesn't make any difference because they're legally married, right? So we don't have to, should we? Although, Your Honor, and the Court's point is well taken, I just think that asylum is backward looking. So if we're, I mean, the judge did find that he had a well-founded fear of persecution, and the Board misstated that fact. But generally, when we're looking at asylum law, we're looking at what happened. And so if we say, well, now, sort of ex post facto, he's married, so then it's a moot question. But it's still, you know, why was he persecuted in the past or why? I suppose now why would he have a well-founded fear of future persecution? Yeah, I should reopen, I should move the Court, the Board to reopen and determine that this is a moot issue. But don't we still then end up at nexus in the extortion plus question? I would, I mean. We've kept you on the run a little bit, so we'll put two minutes on the clock for rebuttal. Thank you, Your Honor. Thank you. Good morning. May it please the Court, this is Dana Camilleri for the Attorney General. The only issue in this petition for review is whether substantial evidence supported the Board's determination that he did not show any nexus to a protected ground. The Board did not reach the issue of these particular social groups. Instead, they found that the sole motivation was money. Well, I mean, they did. I read the Board to have adopted the IJ's ruling on the cognizability of the particular social group. No? That's not how we read it. The Board pretty clearly goes on to discuss that even if he's a member of a cognizable particular social group. Well, no, I agree with that, but I understood you to be saying that was the only issue, but it does seem the BIA had two grounds. When we wrote our brief, I believe if you look at the last footnote, we discussed that we need not even reach the PSG because the nexus finding is so strong here and also that there were all these questions about perceived family and that petitioner had devoted much of her brief to a group that wasn't even 17. Well, so do you, I mean, are you supporting the IJ's reasoning here on the particular social group, or do you agree it was wrong? I don't have an opinion on it because the nexus is so strong that it doesn't need to be reached. Well, I mean, the issue I think that your opposing counsel raises is that the IJ didn't make any nexus finding on this, and the BIA does seem to, but is the BIA accurately describing what the IJ said? I found that part of the BIA decision somewhat confusing. The BIA, I think, was cleaning up some of the immigration judge's decision, which it has the authority to do under Rodriguez-Zuniga, and was simply reviewing the factual findings for clear error and then applying that to motive and finding that in this situation it is simply extortion. Mr. Cortes was acting as a go-between. He was paying the rent money, and then he was approached to find out more information about his father-in-law's other businesses in order to extort more money. It is exactly the same situation as Rodriguez-Zuniga, and the familial relationship or even the workplace relationship is just leverage. It's incidental. He's not being targeted because there's animus towards the family or any other reason except for that the gangs want money, and they want to extort money from his father-in-law's businesses. I think, you know, contrary to what you said, I think a strong case can be made that the BIA's nexus conclusion is mistaken. It's not very well-founded. Now, if one follows along that path, then whether or not the petitioner has established membership in a social group is an important question, isn't it? I mean, right? Because the government's position is that he hasn't, or maybe there isn't such a group. But what I'm getting at is what shall we do about this latest revelation that that couple is now legally married? Does that make that issue moot? No, Your Honor. The nexus is an independent, dispositive finding, and our reading is— we have to, you know, decide this case on a particular social group. Then what do we do? Is it a live question or a moot question? Well, first of all, that information is not in the record, as Your Honor rightly pointed out, and could have been filed in a motion to reconsider, a motion to reopen. I believe we did say in our brief that if— So your position, the government's position, is that they should file a motion to reopen, to establish that fact in the record? They should, but we also did say in our brief that if the panel doesn't agree with us on nexus, which we think is completely indistinguishable from Rodriguez-Zuniga, then it should go back down. But here, again, there is nothing to distinguish this from Rodriguez-Zuniga. This is not extortion plus. This is extortion. They would have gone after him because of his proximity to his father-in-law, and that is simply—and their only motivation is money. It's not that they hate the family or that there's some sort of personal vendetta against the family. It's that this family runs businesses, and this is generalized crime in El Salvador. And it's unfortunate, but it simply has no nexus to any protected ground. I mean, the other case that can be made when you say, you know, simple case of extortion, who was this? Was it Amar Salvatrucha, whoever the gang was? I mean, you know, they didn't just go out and, you know, randomly pick somebody out of the crowd. They picked this man because of his father-in-law, because of his relationship to the family, and that's the reason—and they said, your father-in-law owes us money, right? That's the reason they went after him. So, you know, you can't say, I mean, under this other theory that, you know, nexus or particular social group actually plays absolutely, you know, no part in this because it was just a pure case of extortion. Well, it's—if I may, Your Honor— Well, I'll tell you, there's another way to look at it. Well, in Rodriguez-Zuniga, the court, and that is a published decision, found that it really didn't matter. In that case, the gang members had gone and threatened the petitioner's son, and they said that it was really incidental that they could have gone to a longtime friend or someone that they had other, you know, caring relationship about. But at the end of the day, it's simply leverage to get money, and that is not part of a protected ground. And that's why we see this as a nexus case and believe that the petition should be denied. Do you understand the BIA to be making that finding independently or to be essentially plucking from the IJ's decision, that one line we're taking and sort of repurposing it for this aspect of the case? Well, the board does review for clear error for the factual findings, but I believe in Umano-Escobar, the board can look at motive de novo. But did it do that here? I think it properly looked at the immigration judge's factual findings and applied that to the motive standard, yes. Okay, so what factual finding are we talking about? The one on AR-71? Yes, that was part of it, and also, I mean, the IJ collectively, albeit not the most fulsome decision, noted that the motivation was primarily extortion and generalized crime. Where are you referring to in the IJ decision? Yeah, 71. Okay. No nexus between that particular social group and the harm. El Diablo was targeting a respondent because he was accessible and had information about his father-in-law. His father-in-law is the father of his partner who had businesses and money, and the intent of the gang was to extort money. That's a factual finding. Board took that and found that there's no nexus to any protected ground. Thank you. It doesn't appear there are more questions. Thank you very much. Thank you. Your Honors, the Board misstates the judge's conclusion. At page 5, the Board's decision says, the immigration judge's factual findings support her ultimate legal determination that respondent has not demonstrated that he would suffer on account. Oh, we agree with the immigration judge that respondent does not have a well-founded fear of future persecution. However, on page 73 in the first paragraph, the judge said, the court does find that respondent's fear is subjectively and objectively reasonable. The Board misstated the fear or the judge's decision, but I think the other thing is in terms of extortion plus, right? That's where we are. Is this a nexus case? I think the Board's decision is a bit sloppy and, therefore, it could be remanded. But, again, we've shown that when Mr. Cortez was working for his father-in-law when he wasn't in a romantic relationship with his now-wife, there were no problems. Likewise, the brother-in-law had problems. It's extortion plus because it all relates back. And if we're going to say this is like Rodriguez Zuniga, then he would be like the son in Rodriguez Zuniga, Ms. Rodriguez Zuniga's son, in that if the child had filed an asylum application and say, they're going to kill me because my mom is getting money from the bank, that would be, the kid would be inextricably tied to his mother with this immutable characteristic family. That's the extortion plus line of cases, I believe. Unless anybody has any other questions. Okay. Well, we'll thank you for your argument this morning. We thank both counsel. This matter is submitted. Thank you very much, Your Honor.
judges: Siler, TASHIMA, BRESS